## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00032-O-BP** |
| | § | |
| **DENNIS ANDREW WEBBER,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Drue Hollis's Complaint, filed January 14, 2022. ECF No. 1. Hollis's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. That same day, the Court granted Hollis leave to proceed in this matter *in forma pauperis*, subject to judicial screening under 28 U.S.C. § 1915. ECF No. 7. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **WITH PREJUDICE** because Hollis fails to state a claim upon which relief can be granted, and the Complaint rests on delusional scenarios and an indisputably meritless legal theory.

## I.     BACKGROUND

From the pleadings, it appears Hollis suffers from delusions that lead him to believe certain actors within the government and the private sector are conspiring against him. He is no stranger to the judicial system, having filed multiple lawsuits in this Court over the past year. In one currently pending case, Hollis sues Tarrant County for violations of the Balanced Budget and Emergency Deficit Control Act of 1985 and the Texas Mental Health Code, seeking $6,308,130,000,990.00 in damages. *See* ECF Nos. 1, 22 in 4:21-cv-01142-O-BP. In this action,

the barely legible Complaint does not articulate a viable legal claim. Hollis sues two individuals, two businesses, the City of Fort Worth, Parker County, and the State of Texas, alleging violations of the United States Constitution and the Torture Victim Protection Act of 1991. ECF No. 1 at 1. While he alleges the defendants grievously violated his rights, he never specifies the "what, when, why, or how" of his allegations.

Rather than articulating specific legal claims, the Complaint makes a series of bizarre, seemingly disconnected statements. Hollis alleges the defendants have perpetrated some unidentified abuse against him "since 2008" and elaborates that the abuse involves "the 80th Texas Legislature, well-establishing a pattern and practice, [and] a standard operation." *Id.* In addition, Hollis believes the defendants have wronged him through "misuse of the American flag to represent a jurisdiction that does not exist." *Id.* Without clarifying how the defendants misused the American flag such that they violated his rights under the Constitution or Torture Victim Protection Act, Hollis states that he is "entitled to damages under Article III of the United States Constitution." *Id.*

## II.    LEGAL STANDARD

### A.    28 U.S.C. § 1915(e)(2)(B) Standard

When a plaintiff proceeds *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Frivolous complaints "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Complaints lack an arguable basis in law when "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim, a complaint must plead "enough facts to state a claim to relief that is plausible

on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts apply a relaxed standard to *pro se* parties and liberally construe any *pro se* pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, even *pro se* plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Twombly*, 550 U.S. at 555.

**B.    Opportunity to Amend Standard**

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the Court finds a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend by dismissing the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

**III.    ANALYSIS**

**A.    Hollis does not state a claim for which relief can be granted.**

As noted above, the Complaint contains fanciful allegations and does not articulate a coherent legal claim for which the Court could offer redress. *See* 28 U.S.C. § 1915(e)(2)(B). Because he appears *pro se*, Hollis's pleadings are entitled to more lenient scrutiny than pleadings

drafted by lawyers. *Estelle*, 429 U.S. at 106 (citation omitted). But no amount of liberal construction could manufacture a legally cognizable claim from the Complaint, which lacks an arguable basis in law because its claims are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). There is no reading of the largely incoherent Complaint that would result in a cause of action Hollis could bring against the defendants in this lawsuit. Thus,  Hollis's claims are frivolous. *Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767. Judge O'Connor should dismiss this case *sua sponte* for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) (stating courts should dismiss frivolous lawsuits, or lawsuits that fail to state a claim, "at any time" such a determination is made); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (holding courts may dismiss actions for failure to state a claim *sua sponte*).

**B.    Dismissal with prejudice is appropriate because Hollis's allegations are delusional and based upon an indisputably meritless legal theory.**

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx*, 136 F.3d at 1054. But a chance to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*, 14 F.3d at 8-9 & n.5. Such is the case here, as Hollis accuses unrelated defendants of acting with the Texas legislature to "misuse [] the American flag to represent a jurisdiction that does not exist." ECF No. 1. He further contends the defendants have subjected him to ongoing abuse in a manner that violates the United States Constitution and the Torture Victim Protection Act. *Id.* Because the defendants have allegedly abused Hollis through their misuse of the American flag to represent a non-existent jurisdiction, he believes he is entitled to damages under Art. III of the Constitution,

even though Art. III establishes the federal judiciary and does not create a cause of action or otherwise provide for damages in civil actions. *See* U.S. CONST. art III, §§ 1-3.

The above examples typify the Complaint's nonsensical contents. If allowed to amend his pleadings, Hollis would be incapable of manufacturing a legally cognizable claim and would further waste time and resources on a delusional case devoid of merit. While Hollis genuinely may believe he has been wronged, he does not have a claim for which this Court may offer a remedy. *See* 28 U.S.C. § 1915(e)(2)(B). Though dismissals with prejudice may be harsh in some contexts, the opposite is true here. A dismissal of Hollis's claim with prejudice, such that he cannot amend, is far less harsh, as it will close the door definitively on a case that will do nothing but waste his time and resources. Accordingly, Judge O'Connor should dismiss this action with prejudice because it is delusional and predicated upon indisputably meritless legal theories, rendering any attempts at amendment futile. *See Eason*, 14 F.3d at 8-9 & n.5.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITH PREJUDICE** because Hollis does not state a claim for which relief can be granted and any attempts at amending the Complaint would be futile.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on February 7, 2022.

               Hal R. Ray, Jr.
               UNITED STATES MAGISTRATE JUDGE